# UNITED STATES DISTRICT COURT
### District of New Mexico

| UNITED STATES OF AMERICA | **Judgment in a Criminal Case** |
|---|---|
| V. | |
| **Benjamin Natonabah** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **1:11CR00072-001JB** |
| | USM Number: **59975-051** |
| | Defense Attorney: **Brian Pori, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **1 of Indictment**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 18 U.S.C. Sec. 2242(2)(A) | Sexual Abuse, 18 U.S.C. Sec. 2246(2)(A); Crime in Indian Country, 18 U.S.C. Sec. 1153 | 01/12/2010 | 1 |

The defendant is sentenced as provided in pages 2 through **7** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☒ Count **2** is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**September 13, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**November 29, 2011**
Date Signed

Defendant: **Benjamin Natonabah**
Case Number: **1:11CR00072-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **30 months**.

**Defendant Benjamin Natonabah, pursuant to a Plea Agreement, filed June 13, 2011 (Doc. 25), pled guilty to Count 1 of the Indictment, filed January 12, 2011 (Doc. 1), charging him with a violation of 18 U.S.C. §§ 1153, 2242(2)(A), and 2246(2)(A), that being sexual abuse. The Plea Agreement stipulates, under rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to a sentence of 30-months imprisonment. See Plea Agreement ¶ 10, at 4. Plaintiff United States of America agreed that, so long as Natonabah continues to accept responsibility for his criminal conduct, he would be entitled to a 3-level reduction on his base offense level under U.S.S.G. § 3E1.1. See Plea Agreement ¶ 10, at 4.**

**The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Natonabah on August 12, 2011. In the PSR, the USPO calculated Natonabah`s total offense level to be 27. See PSR ¶ 28, at 8. The PSR listed his base offense level as 30 under U.S.S.G. § 2A3.1(a)(2). See PSR ¶ 21, at 8. The PSR included a 3-level reduction under U.S.S.G. § 3E1.1 based on Natonabah`s acceptance of responsibility. PSR ¶ 27, at 8. The PSR lists his criminal history category as II, based on 3 criminal history points. See PSR ¶ 37, at 10. The PSR calculated that an offense level of 27 and a criminal history category of II results in a guideline imprisonment range of 78 to 97 months. See PSR ¶ 64, at 14. There being no disputes about the factual findings in the PSR, the Court adopts them as its own.**

**The parties have agreed to a 30-month sentence. See Plea Agreement ¶ 10, at 4. At the sentencing hearing on September 13, 2011, the parties agreed to the Court reducing Natonabah`s offense level 3 levels pursuant to U.S.S.G. § 3E1.1. The Court adopts the sentencing calculation in the PSR as its own. A criminal offense level of 27 and a criminal history category of II produces a guideline sentence of 78 to 97 months.**

**The Court notes that Natonabah had sexual intercourse with a seventeen-year old female knowing that she was incapable of appraising the nature of the conduct. The Court has carefully considered the parties` arguments and the circumstances. The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Natonabah`s offense. The Court agrees with the parties that a sentence of 30 months is sufficient to reflect the seriousness of this offense. The United States has pointed to some weaknesses in its case if the case were to proceed to trial, including whether it could establish that the victim in this case was developmentally disabled and an ambiguity in one of the statutes at issue, 18 U.S.C. § 2242(2)(A), regarding the mens rea requirements necessary to secure a conviction. The United States asserted at the sentencing hearing that this ambiguity would work in favor of Natonabah, because there was no direct evidence that he knew of the victim`s developmental disability. The United States represented that it could not find any circuit court precedent directly on point, and that comparable Supreme Court of the United States precedent indicated that courts would likely apply the statutory interpretation that would be less favorable to the United States. The Court has in the past held that weaknesses in the United States` case may be grounds for a variance, because in some cases, such as this one, a sentence of some length is a more just punishment than no conviction and no sentence at all. While Natonabah has some criminal history, none of his prior convictions indicate that he has engaged in violent behavior or sexual misconduct in the past. His prior convictions relate to alcohol and controlled substances.**

**The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. The Court believes that a sentence of 30 months is appropriate to reflect Natonabah`s criminal history and the seriousness of Natonabah`s crime. Again, some punishment is better than no sentence at all. The Court does not believe this sentence will result in unwarranted sentencing disparities, as cases involving these charges depend largely upon their factual circumstances. Given that no conviction is no punishment, this sentence adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public as much as reasonably possible, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence, given the weaknesses in the United States` case, is reasonable. And perhaps most important in this calculation, the Court believes that, given the problems with the United States` case, this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing**

**Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Natonabah to 30-months imprisonment.**

☒ The court makes the following recommendations to the Bureau of Prisons:

    **Safford Federal Correctional Institution, Safford, Arizona, if eligible**

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at  on
    ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on
    ☐ as notified by the United States Marshal
    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Defendant: **Benjamin Natonabah**
Case Number: **1:11CR00072-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5 years** .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
☒ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) the defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state, or tribal sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense;
14) the defendant shall grant a limited waiver of his/her right of confidentiality and any records of mental health treatment imposed as a consequence of this judgment to allow the treatment provider to provide information to the probation officer and sign all necessary releases to enable the probation officer to monitor the defendant's progress. The probation officer shall disclose the presentence report and/or any previous sex offender or mental health evaluations to the treatment provider;
15) the defendant shall not possess any materials including any photographs, images, books, writings, drawings, videos, or video games depicting and/or describing sexually explicit conduct or describing child pornography, as defined in 18 U.S.C. 2256(2) or 18 U.S.C. 2256(8);

16) the defendant shall submit to search of person, property, vehicles, business, computers, and residence, to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting sexually explicit material, as defined in 18 U.S.C. 2256(2) or 18 U.S.C. 2256(8); and at the direction of the probation officer. The defendant must inform any residents that the premises may be subject to a search;

17) the defendant shall immediately undergo a psychosexual evaluation upon release and begin participating in sex offender treatment, consistent with the recommendations of the psychosexual evaluation. Furthermore, the defendant shall submit to clinical polygraph testing and any other specific sex offender testing, as directed by the probation officer;

18) the defendant shall participate in a mental health program as directed by the probation officer which may include taking prescribed medication;

19) a defendant's use and/or possession of alcohol may be restricted if recommended by the treatment provider as a result of ongoing treatment;

20) the defendant shall not go near or enter the premises where the victim resides or is employed, except under circumstances approved in advance and in writing by the probation officer;

21) the defendant shall not have any direct or indirect contact or communication with the victim, except under circumstances approved in advance and in writing by the probation officer;

Defendant: **Benjamin Natonabah**
Case Number: **1:11CR00072-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must not loiter within 100 feet of school yards, parks, playgrounds, arcades, or other places used primarily by children under the age of 18.**

**The defendant must not volunteer for any activities in which he supervises children or adults with mental or physical disabilities.**

**As to standard condition No. 5, it shall be revised as follows: The Defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program as approved by the probation officer, throughout the term of supervised release.**

**The Defendant must participate in and successfully complete a substance abuse treatment program, which may include drug testing, outpatient counseling, or residential placement. The Defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance abuse testing device or procedure. The Defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.**

**The Defendant must refrain from the use and possession of alcohol and other forms of intoxicants. He must not frequent places where alcohol is the primary item for sale.**

**The Defendant will have no contact with the victim at any time.**

**The Defendant is restricted from engaging in an occupation where he has access to children.**

**The Defendant must not have contact with children under the age of 18 without prior written permission of the probation officer. He must immediately report unauthorized contact with children to the probation officer. This condition shall not apply to the Defendant`s granddaughter.**

Defendant: **Benjamin Natonabah**
Case Number: **1:11CR00072-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.
☐  The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
| | $100.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.
Payment of the total fine and other criminal monetary penalties shall be due as follows:
The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A   ☒  In full immediately; or
B   ☐  $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**The Mandatory Victim Restitution Act of 1996 is applicable to this case. However, no restitution will be ordered at this time.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.